IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LORRAINE SCULLY,<br><br>Plaintiff,<br><br>v.<br><br>STAR ENTERPRISE, INC., a Delaware Corporation, STAR ENTERPRISES, INC., a Delaware Corporation, MOTIVA ENTERPRISES, LLC, a Delaware Limited Liability Company, PREMCOR, INC., a Delaware Corporation, and VALERO CORPORATION, a Delaware Corporation,<br><br>Defendants. | Civil Action No. 06-800 |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS VALERO ENERGY CORPORATION AND THE PREMCOR REFINING GROUP, INC.

Defendants Valero Energy Corporation (improperly pleaded as Valero Corporation) ("Valero") and The Premcor Refining Group, Inc. (improperly pleaded as Premcor, Inc.) ("Premcor") (hereinafter, collectively, "Answering Defendants"), by way of Answer to plaintiff Lorraine Scully's Complaint, say:

1.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

2.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

3.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

4. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

5. Admitted.

6. Admitted.

## JURISDICTION

7. The averments of this paragraph constitute conclusions of law to which no response is required.

8. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

9. The averments of this paragraph constitute conclusions of law to which no response is required.

## FACTS

10. Answering Defendants admit only, upon information and belief, that Harry Alinkoff is a former employee of Motiva Enterprises. Answering Defendants deny that Mr. Alinkoff is a current or former employee of Valero or Premcor. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and, therefore, deny those allegations.

11. Denied.

12. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

13. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

14. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

15. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

16. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

17. Denied.

18. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph of the Complaint and, therefore, deny those allegations.

19. Answering Defendants deny that they were ever required to abide by the order referred to in this paragraph of the Complaint and, therefore, deny that they have "failed" to abide by it. Answering Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph of the Complaint and, therefore, deny those allegations.

20. Answering Defendants admit only that they have not made any payments to plaintiff under the order referred to in this paragraph of the Complaint. Answering Defendants

DMEAST #9704981 v2

deny that they are required to make any payments to plaintiff under the order and further deny having made any lump sum pension distribution to Mr. Alinkoff. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph of the Complaint and, therefore, deny those allegations.

21. Denied.

WHEREFORE, Answering Defendants demand that the Court deny all relief plaintiff seeks, dismiss plaintiff's Complaint with prejudice and award them their attorneys' fees, costs of suit and such other costs and fees as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted, as to each and every averment contained therein.

### SECOND DEFENSE

Plaintiff is not a proper plaintiff under the Employee Retirement Income Security Act of 1974 ("ERISA") and lacks standing to assert the claims set forth in the Complaint.

### THIRD DEFENSE

Harry Alinkoff is not a participant in any pension plan sponsored by the Answering Defendants.

### FOURTH DEFENSE

Plaintiff is not an alternate payee and the order referred to in the Complaint is not a Qualified Domestic Relations Order ("QDRO") under ERISA.

### FIFTH DEFENSE

Plaintiff is not entitled to the relief that she seeks because payment of any pension benefits due to Harry Alinkoff (no such pension benefits being admitted) to anyone other than Mr. Alinkoff would violate the anti-alienation provisions of ERISA.

## SIXTH DEFENSE

Plaintiff is not entitled to the relief that she seeks to the extent that the order referred to in the Complaint requires payment of a type or form of benefit not otherwise provided under the pension plan at issue.

## SEVENTH DEFENSE

Plaintiff is not entitled to the relief that she seeks to the extent that the order referred to in the Complaint requires the pension plan at issue to provide increased benefits.

## EIGHTH DEFENSE

Plaintiff is not entitled to the relief that she seeks to the extent that the order referred to in the Complaint requires the payment of benefits to a person other than another alternate payee under another order previously determined to be a QDRO.

## NINTH DEFENSE

Plaintiff has failed to exhaust administrative remedies in connection with qualifying the order referred to in the Complaint as a QDRO.

DMEAST #9704981 v2

## TENTH DEFENSE

Plaintiff has failed to exhaust administrative remedies in connection with her claim for pension benefits.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by all applicable statutes of limitation.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver and unclean hands.

## THIRTEENTH DEFENSE

Answering Defendants are not proper defendants under ERISA.

WHEREFORE, Answering Defendants demand that the Court deny all relief plaintiff seeks, dismiss plaintiff's Complaint with prejudice and award them their attorneys' fees, costs of suit and such other costs and fees as the Court deems equitable and just.

Dated: January 22, 2007
      Wilmington, Delaware

Respectfully submitted,

By: /s/ William M. Kelleher
William M. Kelleher, Esq. (No. 3961)
Ballard Spahr Andrews & Ingersoll, LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801-3034
Phone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: kelleherw@ballardspahr.com

Attorneys for Defendants Valero Energy Corporation and The Premcor Refining Group, Inc.

OF COUNSEL:
Patricia A. Smith, Esq.
Edward T. Groh, Esq.
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

## **CERTIFICATE OF SERVICE**

I, William M. Kelleher, hereby certify that on this 22nd day of January, 2007, I have served a true and correct copy of the foregoing Answer upon the following counsel via First Class Mail:

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899

                                          By: /s/ William M. Kelleher
                                              William M. Kelleher, Esq. (No. 3961)
                                              Ballard Spahr Andrews & Ingersoll, LLP
                                              919 North Market Street, 12th Floor
                                              Wilmington, DE 19801-3034
                                              Phone: (302) 252-4465
                                              Facsimile: (302) 252-4466
                                              E-mail: kelleherw@ballardspahr.com

Attorneys for Defendants Valero Energy Corporation and The Premcor Refining Group, Inc.